IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY CHISM,

     Petitioner,                                No. CIV S-08-2260 WBS EFB P

     vs.

KEN CLARK,

     Respondent.                            FINDINGS AND RECOMMENDATIONS

_____/

     Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on the ground it is untimely. Petitioner opposes, asserting that he is entitled to equitable tolling. For the reasons explained below, the court should grant respondent's motion.

**I.    Procedural History**

     Petitioner was convicted in the Sacramento County Superior Court of 11 felony sex offenses, one misdemeanor sex offense, and felony failure to register as a sex offender. *People v. Chism*, No. C039631, 2003 WL 353487 at *1 (Cal. Ct. App. February 18, 2003). He was sentenced to state prison for an indeterminate term of 275 years to life plus a 10 year determinate term. *Id.* The California Court of Appeal, Third Appellate District, reversed and remanded the judgment in part. *Id.* On June 17, 2003, the Sacramento Superior Court modified petitioner's

1

sentence. Resp.'s Mot. to Dism. ("Mot."), Docs. Lodged in Support Thereof ("Lodg. Doc.") 3. Petitioner did not appeal the amended judgment.

Petitioner then filed five habeas petitions in California state courts. The first was filed on April 13, 2004[1] in the Sacramento County Superior Court and was denied on May 21, 2004. Lodg. Docs. 4, 5. The second was filed on January 5, 2005 in the Sacramento County Superior Court and was denied on February 14, 2005. Lodg. Docs. 6, 7. The third was filed on July 16, 2006 in the California Court of Appeal, Third Appellate District, and was denied on July 27, 2006. Lodg. Docs. 8, 9. The fourth was filed in the Sacramento County Superior Court on September 20, 2007 and was denied on October 31, 2007. Lodg. Docs. 10, 11. The fifth was filed in the California Supreme Court on January 26, 2008 and was denied on July 16, 2008. Lodg. Docs. 12, 13. Petitioner filed the instant petition on September 18, 2008.

## II.     Legal Standards

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that

---

[1] Under the prison mailbox rule a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. *See Houston v. Lack*, 487 U.S. 266 (1988). The Court has used the signature dates on petitions as the relevant filing dates, since the signature date is the earliest date on which petitioner could have turned his petitions over to the prison authorities for mailing.

2

application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *abrogation on other grounds recognized by Moreno v. Harrison*, 245 Fed. Appx. 606 (9th Cir. 2007); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III. Analysis**

    **A. Start of the Statute of Limitations**

In this case, the one-year limitations period began to run when the judgment against petitioner became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A).[2] The Sacramento

---

[2] Petitioner states that "a state created barrier prevented the filing of the petition in a timely manner." Pet'r's Opp'n at 1. Petitioner may be arguing that he is entitled to a later start date of the statute of limitations based on 28 U.S.C. § 2244(d)(1)(B), although he only explicitly argues that he is entitled to equitable tolling. As a 28 U.S.C. § 2244(d)(1)(B) claim must satisfy a far higher bar than an equitable tolling claim, and the court finds that petitioner is not entitled to enough equitable tolling to render his claims timely, there is no need to analyze whether petitioner is entitled to a later start of the statute of limitations. *See Ramirez v. Yates,* 571 F.3d 993, 1000-01 (9th Cir. 2009).

1 County Superior Court amended the judgment against him on June 17, 2003. *See* 28 U.S.C.
2 § 2244(d)(1)(A). The judgment became final within the meaning of section 2244(d)(1)(A) when
3 the time for filing an appeal expired sixty days later, on August 16, 2003. *See* Cal. R. Ct. 8.3808.
4 The one-year limitations period began running the following day. *Patterson v. Stewart*, 251 F.3d
5 1243, 1246 (9th Cir. 2001). Thus, petitioner had until August 17, 2004 to file his federal habeas
6 petition. However, he did not file the instant petition until September 18, 2008. Absent tolling,
7 his application in this court is over four years late.

**B.     Statutory Tolling**

Respondent concedes that petitioner is entitled to 39 days of statutory tolling during the time that his first state habeas petition was pending, from April 13, 2004 until May 21, 2004. *See* Mot. at 4. Petitioner is not entitled to statutory tolling for the rest of his state petitions. His second and third petitions were requests for copies of his trial transcripts. As they did not seek review of his conviction or sentence, they were not "properly filed application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claim" within the meaning of 28 U.S.C. § 2244(d)(2), and did not toll the statute of limitations. *See Smith*, 297 F.3d at 813. His fourth state petition contained both a request for copies of his transcripts and claims challenging his conviction, although it was unclear whether he was attempting to merely support his request for transcripts or to make separate substantive claims. *See* Lodg. Doc. 11. The Sacramento Superior Court explicitly found that any substantive claims in this petition were untimely. *Id.* (citing *In re Robbins*, 18 Cal.4th 770, 811-12 n.32 (1998); *In re Clark*, 5 Cal.4th 750, 774-75 (1993)). Since the petition was untimely, it was not properly filed and could not toll the statute of limitations. Finally, as any substantive claims in petitioner's fourth state petition were untimely, any substantive claims in his later-filed fifth petition were necessarily untimely as well, and therefore the fifth petition could not have tolled the statute of limitations.

Accordingly, petitioner is only entitled to a total of 39 days of statutory tolling. Without equitable tolling, the instant petition would be untimely.

### C. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling because the state courts refused to give him a copy of his trial transcripts, and the prison intercepted the copy of the transcripts that was sent to him by his former attorney. Pet'r's Opp'n at 7, 9. Therefore, petitioner claims, he lacked and still lacks the information that he needs to properly file his habeas petitions. *Id.* at 9. In addition, he claims that the prison took away all of his legal materials when he was housed in administrative segregation and did not allow him sufficient time in the law library to prepare his petitions. *Id.* at 8-9.

Petitioner's lack of trial transcripts do not justify equitable tolling, because even though he still has not received the transcripts, he has managed to file the instant habeas petition. Therefore, the lack of transcripts did not make it impossible for him to timely file this petition, and he is not entitled to equitable tolling. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (equitable tolling should be granted only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time). *See also*, *e.g.*, *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir.2002) ("the state's alleged refusal here to provide [petitioner] with a complete transcript does not justify equitable tolling"). Petitioner writes that, without the benefit of his transcripts, "although he was able to manufacture a measly petition for writ of habeas corpus, his arguments were based on the contents of the Briefs on Appeal. Unsurprisingly, the writ was denied." Pet'r's Opp'n at 13. Although it may be true that, had petitioner been in possession of his trial transcripts, he would have written a more detailed and more focused if not more persuasive petition, the court is only concerned with the timeliness of the petition that he actually did file.

Second, petitioner's housing in administrative segregation cannot render his claims timely. It is petitioner's burden to show that he is entitled to equitable tolling, and he has not met that burden. Petitioner has presented evidence that he was scheduled to be released from

5

administrative segregation on February 3, 2006. *See* Pet'r's Opp'n, Ex. E. Neither party has presented evidence of petitioner's housing status after February 3, 2006.[3] Assuming *arguendo* that petitioner's housing in administrative segregation (and attendant deprivation of his legal materials and lack of library access) made it impossible for him to prepare his petition until February 3, 2006,[4] the petition is still untimely. The one-year statute of limitations would have begun to run on that date and would have expired on February 4, 2007. As explained above, the instant petition was not filed until September 18, 2008, it is untimely.

**IV. Conclusion**

The court finds that petitioner has filed this habeas petition beyond the one-year limitations period. The petition is untimely even considering all potential periods of statutory and equitable tolling. Therefore, respondent's motion should be granted.

Accordingly, it is hereby RECOMMENDED that

1. Respondent's motion to dismiss this action as untimely be granted; and

2. The Clerk be directed to enter final judgment in this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

---

[3] Petitioner states that he remained in administrative segregation "well past February 3, 2006," but fails to provide even an approximate date of his release. Pet'r's Opp'n at 9. In any case, a few more days or even a few more months of tolling would not save petitioner's claims.

[4] The court is not implying that this is a valid assumption.

1  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing
2  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
3  enters a final order adverse to the applicant).

4  Dated:  February 3, 2010.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE